

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6030-CR-FERGUSON

UNITED STATES OF AMERICA )
)
)
)
v. )
)
THEODORE WILLIAM WELLS, JR. )
)
Defendant. )
)
_____)

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is unaware of any written or recorded statements made by the defendant.

            2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached. Defendant made a statement to law enforcement officials in Memphis, Tennessee, when he was arrested for contributing to the delinquency of a child.



    Defendant stated that he went to Marion, Illinois to get a white female 15 year old girl who he met over the Internet and stated that he and the 15 year old runaway girl took the bus.

    A copy of the statement made by the 15 year old victim is attached.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A rape examination was conducted on the victim in Memphis, Tennessee.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

2

D.   The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.   The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.   No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.   The government has advised its agents and officers involved in this case to preserve all rough notes.

H.   The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). The United States gives notice that weeks prior to the crime committed, Defendant traveled to Orlando to meet the 15 year old victim who had run away from home. Upon Defendant and the 15 year old's return to Fort Lauderdale, police officers took the 15 year old victim into their custody to be returned home. Law enforcement officials informed defendant that the victim was 15 years old. Defendant also sought to have a 19 year old whom he met on the Internet meet with him, which she declined. Defendant met the 19 year old in a chat room entitled "Depression". Defendant had the 19 year old contact the 15 year old and inform her that he was in Marion Illinois to meet with her. Defendant requested that the 19 year old drive to Tampa to pick him and the 15 year old up to return to Fort Lauderdale.

I.   The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.   The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No contraband is involved in this indictment.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

If the defendant gives notice under Rule 12.2(b) of the Federal Rules of Criminal Procedure of an intent to present expert testimony on the defendant's mental condition, the government requests disclosure of a written summary of the testimony that the defendant reasonably expects to offer at trial under Rules 702, 703, 705, and 12.2(b), describing the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference scheduled above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
LAURENCE M. BARDFELD
Assistant United States Attorney
Florida Bar No. 712450
500 East Broward Boulevard
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3510
Fax: (954) 356-7336

cc: Special Agent Terri Patterson, (FBI)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand delivered this 2nd day of March, 2000 to: Tim Day, Assistant Federal Public Defender, 101 NE 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

                                              LAURENCE M. BARDFELD
                                              Assistant United States Attorney